```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | |
|---|---|
| WILL MOORE,                              * | |
|         Plaintiff,                       * | |
| vs.                                      * | |
|                                            | CASE NO. 4:04-CV-30(CDL) |
| TERESA NELSON, Individually              * | |
| and in Her Official Capacity               | |
| as the Registrar of the Board            * | |
| of Elections of Stewart County,            | |
| LARRY JONES, Individually and            * | |
| in His Official Capacity as                | |
| Sheriff of Stewart County, and           * | |
| SALLY BALDWIN,                             | |
|                                          * | |
|         Defendants                         | |
|                                          * | |

O R D E R

Defendants have filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. For the following reasons, Defendants' Motion for Summary Judgment is granted as to Plaintiff's federal law claims. The Court declines to exercise jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice.

FACTUAL BACKGROUND

Plaintiff moved from Clearwater, Florida to Stewart County, Georgia in 1999. He became politically active in the Stewart County community, getting people registered to vote and assisting people in voting by absentee ballot. Prior to the March 18, 2003 election, in which Plaintiff's wife was a candidate for the office of Tax Commissioner, a rumor was circulating in Stewart County that Plaintiff was a convicted felon. Defendant Larry Jones, the Sheriff of Stewart County, first heard the rumor when Plaintiff attempted to obtain a

license to sell beer shortly after moving to Stewart County. Defendant Sally Baldwin, a member of the Stewart County Board of Elections, first heard the rumor around the time of the March 2003 election. Defendant Teresa Nelson, secretary of the Stewart County Board of Elections, first heard the rumor a couple of months prior to the March 18, 2003 election. In addition, Nelson received phone calls from people claiming that Plaintiff was a convicted felon and that he was being allowed to help people vote by absentee ballot. Nelson did not recall the names of the people who called her regarding this matter.

Based on the rumor and the phone calls, Baldwin and Nelson became concerned that Plaintiff might be a convicted felon and that, if he was a convicted felon, the absentee ballots for which Plaintiff had provided assistance could be rejected.[1] Although any federal or Georgia felony conviction would normally be communicated to the Stewart County Board of Elections on a regular basis, *see* O.C.G.A. § 21-2-231, felony convictions from other states would not be received in the same manner. Baldwin and Nelson developed concerns as to whether Plaintiff had a Florida felony conviction. During a meeting of the Stewart County Board of Elections prior to the March 2003 election, the board discussed the rumor regarding Plaintiff and unanimously decided to ask Jones to do a criminal background check on

---

[1] Under Georgia law, in elections in which there is no federal candidate on the ballot, a voter may receive assistance from a relative or any elector who is a resident of the voter's precinct. O.C.G.A. § 21-2-409. Those convicted of a felony involving moral turpitude may not be an elector until completion of the sentence. O.C.G.A. § 21-2-216.

Plaintiff to determine whether he had a felony conviction in Florida. Jones agreed to do the criminal background check if Plaintiff gave his consent.

Jones went to Plaintiff's store to ask Plaintiff for his consent to conduct the criminal background check. When Jones arrived, Plaintiff was standing with two other men, and Jones called Plaintiff away from them before he spoke with Plaintiff regarding the background check. Jones told Plaintiff that the Board of Elections had asked him to do a criminal background check, and Jones asked if Plaintiff would consent to the check. Plaintiff refused, but he did tell Jones that he had a gun permit.[2] Plaintiff does not know if the two men with whom he had been standing prior to Jones's visit heard what Jones said to Plaintiff.

Jones relayed the information regarding the gun permit to Baldwin, who told the Board of Elections about it. The Board of Elections received verification from the Clerk of the Probate Court that Plaintiff did have a gun permit. After receiving this verification, neither the Sheriff nor the Board of Elections took any further action. The criminal background check of Plaintiff was never conducted. Plaintiff never heard any of the Defendants say he was a felon.

Plaintiff claims that because of Defendants' conduct in investigating the rumor, his wife lost her election, people started

---

[2] In general, a person may not receive a gun permit under Georgia law if he has been convicted of a felony, and applicants for gun permits must submit to a background check to ensure that they are eligible for a gun permit. *See* O.C.G.A. § 16-11-129.

3

treating him and his wife differently, people stopped shopping at their business and Plaintiff suffered shame and embarrassment because people constantly asked him about the rumor. Plaintiff seeks recovery under 42 U.S.C. § 1983 ("§ 1983"), 42 U.S.C. § 1985(3) ("§ 1985(3)"), and Georgia state law of defamation.

## DISCUSSION

Defendants argue that they are entitled to summary judgment because they are immune from suit or, in the alternative, because Plaintiff has produced no evidence from which a reasonable jury could conclude that Defendants violated his constitutional rights. Because the evidence in the present record does not support a constitutional violation, Defendants are entitled to summary judgment, and it is unnecessary to address their immunity defenses.

*1. § 1983 Claim*

To prevail under § 1983, Plaintiff must prove that Defendants acted under color of state law to deprive him of a right, privilege, or immunity secured by the Constitution or a federal law. *See* 42 U.S.C. § 1983. Plaintiff contends that Defendants acted under color of state law to deprive him of his rights protected by the Fourteenth Amendment by defaming him. Damage to reputation alone does not provide the basis for an action under § 1983—a Plaintiff must prove stigma plus a constitutional injury. *Cypress Ins. Co. v. Clark*, 144 F.3d 1435, 1436-37 (11th Cir. 1998); *Campbell v. Pierce County, Ga.*, 741 F.2d 1342, 1344 (11th Cir. 1984); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976). If damage to reputation is suffered in connection with a previously recognized property or liberty interest, it may

4

satisfy the "stigma-plus" requirement and give rise to a cause of action for deprivation of liberty or property actionable under § 1983. *Cypress Ins. Co.*, 144 F.3d at 1436-37; *Campbell*, 741 F.2d at 1344; *see also Paul*, 424 U.S. at 712.

In this case, Plaintiff asserts that Defendants' conduct damaged his reputation and, by association, his wife's reputation.  He also claims that there was a drop in business at his store because of the rumors.  However, the present record contains no evidence from which a reasonable jury could conclude that Plaintiff suffered damage to his business.  Any such conclusion would be based upon sheer speculation.  Therefore, the Court cannot find that Plaintiff has shown that there was a deprivation of any interest protected by the Fourteenth Amendment.

Even if the evidence did create a genuine issue of material fact as to whether Plaintiff suffered an injury to a right protected by the Fourteenth Amendment, Plaintiff's evidence does not create a genuine issue of material fact as to whether Defendants' conduct meets the standard of culpability required to establish a Fourteenth Amendment violation.  That standard in this case is whether Defendants' conduct "shocks the conscience."  *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).  It is true that there is a spectrum of actions that may "shock the conscience," depending on the environment.  Actions "intended to injure in some unjustifiable way" are "most likely to rise to the conscience shocking level."  *Nix v. Franklin County School Dist.*, 311 F.3d 1373, 1375-76 (11th Cir. 2002) (quoting *County of Sacramento*, 523 U.S. at 849).  At the other end of the continuum, the

5

courts have uniformly held that negligently inflicted harm is "categorically beneath the threshold of constitutional due process." *Id.* Between the two ends of the spectrum are "closer calls." *Id.* In this case, Plaintiff has presented no evidence of intent to cause harm, nor is there any evidence to make the case a "closer call."

Here, Plaintiff does not allege, and his evidence does not show, that Defendants manufactured or started the rumor regarding his felony status. He does not contend that Defendants never heard the rumors or that no one called the Stewart County Board of Elections to report suspicions that Plaintiff was a felon who was helping absentee voters complete their ballots. He has presented no evidence that Defendants told people that Plaintiff actually *was* a convicted felon—his evidence simply shows that Defendants discussed the situation with others and said that they had heard he *might* be a convicted felon. In sum, Plaintiff submits that Defendants bungled the investigation into his felony status, handling the situation differently than he would have handled it.

Though a dispute arguably exists as to whether Defendants' investigation was handled as delicately and discreetly as it could have been, there is nothing about it that shocks the conscience. Defendants Nelson and Baldwin had a duty to investigate claims that an elector was not qualified. *See* O.C.G.A. §§ 21-2-226, -228. Once they heard the rumor and received several phone complaints about Plaintiff, they determined that the claims regarding Plaintiff's felony status merited investigation. They enlisted the help of Jones to perform a background check. Jones did not complete a background

6

check but did find out that Plaintiff had a gun permit. After finding out that Plaintiff had a gun permit, Defendants were satisfied that Plaintiff was not a convicted felon, and they dropped the matter.

From the evidence before the Court, no reasonable juror could find that Defendants' conduct violated Plaintiff's Fourteenth Amendment rights. Therefore, Defendants are entitled to summary judgment on Plaintiff's § 1983 claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

*2. § 1985(3) Claim*

The elements of a cause of action under § 1985(3) are: "(1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Trawinski v. United Technologies*, 313 F.3d 1295, 1299 (11th Cir. 2002).

As discussed *supra*, Plaintiff's § 1983 claim fails on the merits. Therefore, Plaintiff's § 1985(3) claim fails because Plaintiff has not shown that Defendants deprived him of any "right or privilege." *See Denney v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001). Furthermore, even if Plaintiff had established a deprivation, he has not shown any discriminatory animus behind Defendants' action. Section 1985 claims require proof of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the

conspirators' action." *Childree v. UAP/GA CHEM, Inc.*, 92 F.3d 1140, 1147 (11th Cir. 1996) (internal quotations omitted) (noting, also, that "whatever the precise meaning of 'class' may be, it unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors"). Plaintiff did not allege any class-based discriminatory animus, and his evidence does not show any. Therefore, Defendants are entitled to summary judgment on this claim.

## CONCLUSION

Defendants' Motion for Summary Judgment is granted as to Plaintiff's § 1983 and § 1985(3) claims. Plaintiff's remaining claims arise under Georgia law. The Court declines to exercise jurisdiction over those claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED, this 22nd day of July, 2005.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
